of exceptions, accepted by the solicitor, he added: "And I agree to this as a correct statement as corrected by the judge." The court say: "We take this occasion to say that the practice adopted in this case of incorporating in the exceptions *only* such portions of the judge's charge as it is desired to review is not a safe one for the appellant, and should be avoided. For unless it appears in the 'Case,' or otherwise than in the exceptions merely, that the judge charged, or refused to charge, the points excepted to, we cannot assume that any such points were in fact charged or refused. * * * In this case, the language of the acceptance of service of the exceptions affords the evidence that the judge did charge as is therein imputed to him. We have, therefore, felt at liberty to consider the exceptions in this case, which otherwise we could not properly have done."

Judgment reversed. OPINION by MR. JUSTICE McIVER, June 16, 1884. *W. J. Verdier*, for appellant. *F. H. Gantt*, solicitor, contra.

No. 1575. STATE *v.* JONES. April Term, 1884. Several parties were indicted for murder, but only Jones, Allen, and Hutson were arrested; and they were put upon trial at Hampton C. H., before Judge Cothran, at June term, 1883, and were convicted of manslaughter. From the judgment pronounced in the case, Allen and Hutson appealed. *Held*—

1. That in reading to the jury his notes of testimony, the Circuit judge did not violate the provisions of article IV., section 26, of the constitution. *State* v. *White*, 15 *S. C.*, 392.

2. If the Circuit judge misstates the testimony in charging the jury, the proper time and place to correct such misstatements are at the trial, or at most by a motion for new trial, when they would be corrected. Exceptions alleging misstatements in a charge present no errors of law.

3. The judge charged the jury "that the jury could not find those charged as aiding and abetting guilty of manslaughter only if the principal be found guilty of murder." Inasmuch as defendants were found guilty of manslaughter only, an exception alleging error in this portion of the charge raises a purely speculative inquiry, in which courts of justice ought not to indulge.

Judgment affirmed. OPINION by MR. JUSTICE McIVER, June

16, 1884. *J. P. Youmans*, for appellant. *F. H. Gantt*, solicitor, contra.

No. 1580. STATE *v.* WHITE. April Term, 1884. Defendant was indicted for assault and battery with intent to kill and murder, and for aggravated assault and battery, and was tried in Beaufort county, before Judge Cothran, at June term, 1883. The jury found a verdict of "guilty." Defendant appealed :

1. The Circuit judge charged the jury "that perhaps the best test by which to determine the first grade of the offence, assault and battery with intent to kill and murder, would be to apply the testimony which they had heard to the case as if an actual homicide had occurred. And if from the testimony they would be satisfied beyond a reasonable doubt that if death had ensued in this case the defendant would be guilty of murder, then it would be their duty to find him guilty of assault and battery with intent to kill and murder." *Held*, that this charge was in exact conformity to the law, and certainly favorable for the defendant.

2. In failing to go further and instruct the jury as to the different grades of homicide, no error was committed which can be here corrected, his attention not having been called at the time to such omission.

Judgment affirmed. OPINION by MR. JUSTICE McGOWAN, June 26, 1884. *W. J. Verdier*, for appellant. *F. H. Gantt*, solicitor, contra.

No. 1588. ROOKHART *v.* DEAN. April Term, 1884. This was an action by plaintiff against one Alexander to recover the share of crop made by plaintiff on Alexander's farm, and after the death of Alexander revived against Dean *et al.*, his executors. Before action brought, a settlement had been made by a trial justice (but not the nearest) between plaintiff and Alexander. Plaintiff at first objected to a settlement being made, until told by the trial justice that if it was not fairly made, the plaintiff could have his remedy at law. The settlement was then made by this officer, the plaintiff assenting to all the items, and saying that he did not recollect any others, all disputes being resolved in his favor by Alexander's direction, and both parties seemed